**WAUGH et al. v. SUBURBAN CLUB
GINGER ALE CO. et al.**

**No. 9575.**

United States Court of Appeals
District of Columbia.

Argued Jan. 21, 1948.

Decided April 26, 1948.

Mr. Leonard S. Melrod, of Washington, D. C., for appellants.

Mr. Wilbert McInerney, of Washington, D. C., for appellees.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

The plaintiff appeals from a judgment on a directed verdict for the defendant in an action for personal injuries. Appellant, a boy of 13 or 14, was riding a bicycle that collided with appellee's truck. The truck had been standing at a street intersection, only about five feet from the right-hand curb, waiting for a green light. Appellant had ridden up from behind, entered the space between the standing truck and the curb, and stopped to wait beside the truck's right rear wheel. He was riding "next to the curb" but the space was so narrow that he was also close to the truck; in fact he put his left hand on it. When the light changed the truck started. Appellant then put his hand back on the handlebar and started his bicycle. The collision occurred, in the street intersection, because (1) the truck made a right turn from its position near the right curb and (2) appellant, from his position even nearer the right curb, did not make a right turn but went straight ahead into the intersection. When he saw the truck turning he attempted to turn, but too late.

Appellant's theory is that "the driver of the truck was negligent in making a sharp, sudden turn, in failing to keep a proper lookout, and failing to give a warning or signal of his intention to make a right turn."

Ordinarily a vehicle about to make a right turn is not and need not be less than five feet from the curb. As the truck driver expressed it, "the reason he wasn't exactly up against the curb was that if he was, he would not have been able to proceed for the right hand turn—he would have run over the curb." No doubt there was, as appellant said, "space enough to the right of the truck that he could drive his bicycle in without any trouble." But getting out of such a space without trouble is another matter. For a bicyclist to put himself in a position so near a curb on the right, a truck on the left, and an intersection ahead, and then ride straight forward without waiting to see whether the truck, which may properly turn right, will do so, is plainly dangerous. Such a course is not so common that reasonable drivers anticipate it, and devise and take special precautions against it, before making a "sharp, sudden" turn to the right. In other words appellee's

driver was not negligent in making the turn without special precautions.

If the driver failed to keep a proper lookout and to give a proper signal, he negligently endangered anyone in a position to benefit by those ordinary precautions. But appellant was not in a position to benefit by them. There is no evidence that a reasonable and proper lookout would have disclosed to the driver of the truck the fact that a boy had ridden a bicycle into the narrow space between the right rear wheel of the truck and the curb. There is no evidence that a reasonable and proper signal, by hand or light or both, of the driver's intention to turn, could have been seen by a person in appellant's position. Therefore the precautions the driver is said to have omitted would not have enabled either him or the appellant to avoid the accident. It follows that appellee is not responsible for the accident. The reason may be expressed in terms either of negligence or of causation. The driver's alleged omissions (a) added nothing to appellant's danger and therefore were not negligent toward appellant, and (b) did not cause his injuries.

In these circumstances the driver's possible incompetence to drive is immaterial, and it is therefore immaterial that he had no District of Columbia license. Moreover, he had a North Carolina license. Appellant rightly makes no point of the fact that some trucks have signaling devices visible from the relative position in which appellant was. For there is no evidence that appellee's truck had such a device or that operating it without one was negligent.

The court's action in directing a verdict for appellee was therefore correct. We need not consider whether a boy of appellant's age and capacity was, as an adult would have been, plainly negligent in staking his safety on the chance that a truck standing near a right-hand curb would not make a right turn at an intersection.

Affirmed.